**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **MERCHANT SERVICES, INC.,** | ) | |
| | ) | |
| | ) | |
| & | ) | |
| | ) | |
| **POWERPAY, LLC**, | ) | |
| | ) | |
| Plaintiffs/Stakeholders, | ) | Civil No. |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SUCCESS ENTERPRISES, LLC**; | ) | |
| | ) | |
| **ROCKIT MEDIA, LLC;** | ) | |
| | ) | |
| & | ) | |
| | ) | |
| **ROBB EVANS OF ROBB EVANS** | ) | |
| **AND ASSOCIATES, LLC**, in their | ) | |
| capacity as Receiver; | ) | |
| | ) | |
| Defendants/Claimants | ) | |

**COMPLAINT FOR INTERPLEADER**

NOW COMES the Plaintiffs Merchant Services, Inc. and PowerPay, Inc., and states as their Complaint for Interpleader as follows:

1.      Plaintiff/Stakeholder Merchant Services, Inc. is a South Dakota company with its principal place of business in the state of New York. It operates under the registered servicemark "EVO."

2.      Plaintiff/Stakeholder PowerPay, LLC ("PowerPay") is a Maine limited liability company with a principal place of business in Portland, Maine.

3.      Defendant/Claimant Success Enterprises, LLC ("Success") is a Utah limited liability company.

4.      Defendant/Claimant Rockit Media, LLC ("Rockit") is a Wyoming limited liability company. Rockit sometimes does business under various trade names, including Rockit Marketing, Websavers Club, and CashSavers866-235-2285.

5.      Defendant/Claimant Robb Evans of Robb Evans and Associates, LLC ("Receiver") has been appointed the receiver in the case *Federal Trade Commission v. Jeremy Johnson*, No. 2:10-CV-02203-RLH-GWF (D.Nev.) ("FTC v. Johnson"). *See FTC v. Johnson*, Docket # 130, Preliminary Injunction Order, at 22-23 (Feb. 10, 2011). Robb Evans and Associates, LLC is a California Limited Liability Company with offices in California.

6.      This Complaint for Interpleader is brought pursuant to 28 U.S.C. § 1335 (2011). Jurisdiction is provided by section 1335, which references 28 U.S.C. § 1332 and requires diversity between any two or more claimants.

7.      In accordance with F.R.Civ.P. 67(a) and Local Rule 67, accompanying this Complaint is a motion to deposit funds with the Court, as well as a proposed Order.

8.      Plaintiffs/Stakeholders are credit card payment processors, and they have a longstanding business and contractual relationship.

9.      EVO and PowerPay serve as intermediaries between merchants and banks, facilitating the use of credit cards to make purchases, and ensuring that money moves from the consumer to the merchant in a timely manner. PowerPay assists EVO with managing merchant accounts once the merchants are brought into EVO's processing system.

10.     Among the merchants using PowerPay in the EVO processing network are Success and Rockit. *See* Exhibits A and B attached hereto (Merchant Agreements for Success and Rockit, respectively). (Rockit's several d/b/a processing agreements are omitted for brevity, but are substantially similar to the Rockit agreement attached as Ex. B.)

11.     The owner of both Success and Rockit is Mr. Ryan Riddle ("Riddle"). *See* Exhibit C (letter of Attorney Travis Marker, dated May 17, 2011). Riddle is a named defendant in *FTC v. Johnson*. *See FTC v. Johnson*, Docket # 130, Preliminary Injunction Order, at 2 (Feb. 10, 2011).

12.     The Receiver believes that Success and Rockit "are subsidiaries and/or affiliates of the named Corporate Defendants" in *FTC v. Johnson*. *See* Exhibit D (letter of Attorney Gary Owen Caris, dated June 13, 2011). Because of this alleged nexus, the Receiver asserts that Success and Rockit "merchant reserves are property of the receivership estate." *Id.*

13.     By contrast, Success and Rockit seek to have the two companies' merchant reserve funds paid back to them as the merchants who own the reserves. *See* Exhibit C. Riddle, the owner of both Success and Rockit, attested to the independence of those two entities. *See* Exhibit E (Affidavit of Ryan Riddle, May 27, 2011).

14.     Despite Mr. Riddle's sworn testimony of his entities' independence, the Receiver insisted that the merchant accounts were property of the receivership estate. *See* Exhibit F (letter of Attorney Gary Owen Caris, dated July 5, 2011).

15.     A "merchant account" is a reserve of funds that belongs to the merchant, but is held by EVO (in a bank account) to offset losses incurred in the course of doing business,

such as "charge-backs" when a consumer repudiates a transaction, or to indemnify EVO for any costs, legal feels, or expenses arising in connection with the account. *See* Exhibit G (letter of Attorney U. Charles Remmel, II, dated July 6, 2011); *see also* Exhibit C (contending the risk of charge-backs to be low). The merchants own the funds in the accounts, but they are held by EVO subject to a security interest in the funds. *See* Exhibits A & B.

16.     The Receiver contends the merchant account funds belong in the receivership estate, while Success and Rockit contend the money is rightfully theirs.

17.     If Success and Rockit are correct, the funds should be dispersed to them (less costs and legal fees of this action).

18.     If the Receiver is correct, these same funds may properly belong to the receivership estate (again, less costs and legal fees of this action).

19.     If the Receiver goes forward in one forum, and Success and Rockit go forward in another, there could be two conflicting judgments in different fora seeking recovery of the same funds; the Receiver could be allowed to recover the merchant account funds, while Success and Rockit could also allowed to recover the merchant account funds. Should conflicting judgments issue, EVO and PowerPay, together or separately, could be required to pay the same funds to different recipients.

20.     EVO and PowerPay, as Plaintiffs/Stakeholders in this matter, disavow any claim or right to the funds in the merchant accounts. EVO and PowerPay seek to have the conflicting claims resolved, over funds which do not belong to them as disinterested Stakeholders.

WHEREFORE, Plaintiffs EVO and PowerPay request this Court:

(a) Compel the Defendants/Claimants to make their claims to the merchant accounts of Success and Rockit before this Court;

(b) Restrain the Defendants/Claimants and any other party from instituting or prosecuting, in any court or agency or any proceeding against EVO and/or PowerPay relating to the merchant accounts of Success and Rockit;

(c) Extinguish with finality all claims that the Defendants/Claimants have against EVO and PowerPay upon the payment of the merchant accounts into Court;

(d) State that upon deposit of the merchant accounts with the Court, EVO and PowerPay are discharged from any liability in this action; and

(e) Award EVO and PowerPay their reasonable attorney's fees and costs associated with this interpleader action.

Date:   February 1, 2012

/s/ U. Charles Remmel, II

/s/ Timothy E. Steigelman

Attorneys for the Plaintiffs
Kelly, Remmel & Zimmerman
53 Exchange Street
P.O. Box 597
Portland, ME 04112-0597
(207) 775-1020